IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston

**ELTON E. BRYAN,**

    Petitioner

                                 **Civil Action No. 2:10-cv-01196**

v.

**UNITED STATES OF AMERICA**

    Respondent

**PETITIONER'S *REPLY* TO
THE GOVERNMENT'S RESPONSE TO PETITIONER'S
SUPPLEMENTAL BRIEF**

Petitioner Bryan's case has been intertwined with the case of William Edward Rebrook from the very beginning. Most of the issues are identical, and the theories under which both petitioners were tried were congruent. Indeed, in coram nobis the cases have been argued together and counsel for both petitioners have cooperated in preparation of argument and doing research.

Therefore, to save this Honorable Court reading time, Petitioner Bryan adopts the exposition of the "law of the case" principles presented in Mr. ReBrook's reply brief. Any suggestion by the government that the *O'Hagen* case[1] annuls in any way the complete exoneration of Mr. Bryan of the crime of insider trading goes against long-standing

---

[1] *U.S. v. O'Hagen*, 521 U.S. 642 (1997).

procedural law concerning the "law of the case" that has <u>never</u> been questioned. Much of the government's arguments about procedural default find their justification in some notion of "finality" of judgments: If, then, there were ever a rule designed to provide "finality" and certainty, it is the "law of the case" doctrine. Therefore, nothing in this record justifies resurrecting the crime of "insider trading."

The Government tries to find some element of "property" theft in the record to justify sustaining the convictions for mail and wire fraud notwithstanding the *Skillings* case.² Thus the Government says:

> That is, the defendant is charged with defrauding the state of his honest services solely and exclusively by defrauding others– the Arnold Agency in Count One and IGT in Count Two of property.

Gov't Brief, p. 4. Thus, the Government <u>admits</u> that Mr. Bryan was prosecuted for mail fraud and wire fraud for depriving citizens of his honest services. Indeed, regardless of what the indictment says, the case was presented to the jury entirely on an "honest services" theory.

The Supreme Court in *Skilling* said that "honest services" is a viable theory for mail and wire fraud <u>only</u> if the defendant took a bribe or kickback. That's it. And the Government makes no argument that Mr. Bryan ever received a bribe or kickback. Furthermore, given that both the Bryan case and the ReBrook case where prosecuted at roughly the same time using much of the same evidence, the two district court decisions³ following Mr. ReBrook's

---

² *Skilling v. U.S.*, 561 U.S. ____; 2010 WL 2518587; 2010 LEXIS 5259 (2010).

³*U.S. v. ReBrook*, 837 F. Supp. 162 (S.D. W. Va. 1993); *U.S. v. ReBrook*, 842 F. Supp. 891 (S.D. W. Va. 1994).

challenge to the legitimacy of "honest services" counts on the grounds of unconstitutional vagueness shows conclusively that the main thrust of both cases was simple "deprivation of honest services" without any allegation that there was a bribe or kickback.

The Government's only response to Mr. Bryan's "prejudicial spillover" argument with regard to the perjury prosecution is that *O'Hagen* has resurrected the misappropriation theory and, therefore, Mr. Bryan is not "actually innocent."

This argument, however, confounds all the principles of "law of the case." The Fourth Circuit has already determined that Mr. Bryan (along with Mr. ReBrook) is actually innocent of insider trading. The holding in *United States v. Bryan*, 58 F.3d 933 (4th Cir. 1995), that the misappropriation theory was not viable under 15 U.S.C. §§78ff and 78j(b), and 17 C.F.R. §240.10b-5, is the law of this case. [4] Certainly, everyone must concede that this coram nobis

---

[4] In *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999), the Fourth Circuit gave the following explanation of the law of the case doctrine:

> "As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 815-16, 100 L. Ed. 2d 811, 108 S. Ct. 2166 (1988) (internal quotation marks omitted) (alteration in original). Furthermore, when a rule of law has been decided adversely to one or more codefendants, the law of the case doctrine precludes all other codefendants from relitigating the legal issue. *See United States v. Schaff,* 948 F.2d 501, 506 (9th Cir. 1991) (relying on law of the case doctrine to preclude defendant from challenging jury instruction on appeal, which had been previously upheld in an appeal by a codefendant); *see also United States v. Bushert,* 997 F.2d 1343, 1355-56 (11th Cir. 1993) (relying on *Schaff* in holding that law of the case doctrine precluded defendant from challenging district court's denial of suppression motion

proceeding is the same case as *U.S. v. Bryan.* And, if this is the same case, then this Honorable Court must take as gospel that both Mr. Bryan and Mr. ReBrook are <u>actually innocent</u> of the insider trading count.

Therefore, the only way that the Government can avoid this Court's granting of coram nobis relief with regard to the perjury conviction under the "prejudicial spillover" doctrine is to resurrect the lower court conviction for insider trading. The problem for the Government, however, is that the Fourth Circuit's decision ended Petitioner's jeopardy on this securities fraud claim. Once a person has been acquitted of a criminal charge by an appellate court because the appellate court concludes the theory asserted by the United States was invalid, that person cannot be subjected to <u>any further</u> prosecution or <u>punishment</u> on that same charge under double jeopardy principles, even when a subsequent appellate decision determines in another case that the noncriminal conduct may be criminal.

Finally, counsel has been intimately involved with both the Bryan and ReBrook cases

---

where codefendants had unsuccessfully made the same challenge in prior appeal). Under the law of the case doctrine, as a practical matter, once the "decision of an appellate court establishes 'the law of the case,' it 'must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" *Sejman v. Warner-Lambert Co.,* 845 F.2d 66, 69 (4th Cir. 1988) (quoting *EEOC v. International Longshoremen's Assoc.,* 623 F.2d 1054, 1058 (5th Cir. 1980)).

since their inception. Both of these men, along with their families, have been very unjustly treated. And, the overall injustice of these prosecutions was not lost on either *The Washington Post* or numerous practicing lawyers and academics in West Virginia. Members of the Bar and editors at the *West Virginia University Law Review* were outraged at a totally standardless prosecution.

Undersigned counsel, who at the time was a justice of the West Virginia Supreme Court of Appeals, wrote a contemporaneous article entitled "Insider Trading Prosecutions under the Misappropriation Theory: New York's Joke on Heartland America," which was scheduled to be published as 96 *W. Va. L. Rev*. 873 (1994). Indeed, this article had been peer reviewed and set up in type. And, because Mr. Bryan's and Mr. ReBrook's appeals were likely to be decided <u>before</u> the law review appeared in print, the law review editors sent advance copies to every member of the Fourth Circuit Court of Appeals.

What is important here is that the district judge who presided over both cases and the federal prosecutors who prosecuted Mr. Bryan and Mr. ReBrook were themselves apparently concerned whether they had perpetrated a substantial injustice and, apparently, they felt that the law review article would substantially embarrass them. Upon discovering the critical law review article, federal prosecutors and/or the chief district judge exerted pressure on the President of West Virginia University, who in turn ordered the Dean of the Law School to forbid publication. Because the article was sent to West Publishing along with the rest of Volume 96 of the *W. Va. Law Review,* the article is still available on WestLaw with a statement that it was <u>ordered</u> removed from the Law Review. Lexis, which does not have the article, simply has a note that because of a "dispute over editing" the article was not

published. This is totally incorrect: The article was <u>ordered</u> removed in its entirety, and over the objection of such former *Law Review* editors-in-chief as Michael O. Callaghan, who was then an assistant U.S. attorney!

Counsel includes this history because notwithstanding all the technical arguments about such things as procedural default and resurrecting convictions that have been overturned, the bottom line is that Mr. Bryan is completely innocent; although some of his actions may not have evinced the greatest judgment, there was never a moment when he wasn't trying to make West Virginia a better place.

                                                Respectfully submitted,
                                                Elton E. Bryan
                                                    by Counsel

/s/*Richard Neely*
Richard Neely
**NEELY & CALLAGHAN**
159 Summers St.
Charleston, WV 25301-2134
304-343-6500 voice
304-343-6528 fax
RNeely@NeelyCallaghan.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### Charleston

**ELTON E. BRYAN,**

    **Petitioner**

                                                                               **2:93-CR-00898**

**v.**

**UNITED STATES OF AMERICA**

    **Respondent**

## CERTIFICATE OF SERVICE

      I, Richard Neely, counsel for Petitioner, do hereby certify that I served the foregoing Reply to the Government's Response to Petitioner's supplemental brief upon the following members of the staff of the United States Attorney's Office for the Southern District of West Virginia, to-wit:

**Hon. R. Booth Goodwin, II**
*United States Attorney*
**Hunter Paul Smith, Jr., Esq.**
*Assistant United States Attorney*
**Larry R. Ellis, Esq.**
*Assistant United States Attorney*

**by electronic filing on this 10th day of June, 2011..**

**/s/ Richard Neely**_____
**Richard Neely**
**NEELY & CALLAGHAN**
**159 Summers St.**
**Charleston, WV 25301**
**304-343-6500 Voice**
**304-343-6528 Fax**
**RNeely@NeelyCallaghan.com**