IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston

**ELTON E. BRYAN,**

    Petitioner

                                  **Civil Action No. 2:10-cv-01196**

v.

**UNITED STATES OF AMERICA**

    Respondent

# Petitioner's Motion for Oral Argument

## To the United States District Court and the Honorable Judge thereof:

Comes now Elton E. Bryan, Petitioner in the above-styled case, and requests this Honorable Court to afford him an oral presentation on his objections to the findings of the Magistrate Court Judge in this case upon the following grounds:

1. This is not a standard collateral attack on a federal conviction. This case is extraordinary in that the Petitioner was convicted of two separate crimes, to-wit (1) mail and wire fraud through deprivation of his honest services and (2) insider trading under the "misappropriation theory."

2. The Fourth Circuit, on direct appeal, declared that the "misappropriation theory" was not a valid theory for prosecution for insider trading in the Fourth Circuit and reversed Petitioner's

Page **1** of **3**

conviction on those counts.

3. Recently in the *Skilling* case, the Supreme Court of the United States decided that mail fraud and wire fraud predicated on deprivation of honest services are limited to cases where a government official takes either a bribe or kickback. Petitioner Bryan did neither.

4. Thus, this case is distinguished from virtually all other cases involving collateral attacks in that two of the three "crimes" for which Petitioner was tried <u>were</u> <u>not</u> <u>crimes</u> <u>at</u> <u>the</u> <u>time</u> <u>he</u> <u>was</u> <u>tried</u>.

5. The transcript in this case covers seven volumes and the trial took roughly two weeks. Mr. Ellis, on brief for the Government now, actually tried the case and made the closing argument for the Government. Petitioner's counsel was intimately involved with watching the case as it unfolded and wrote a *West Virginia Law Review* article about the insider trading prosecution.

6. Because the transcript is extensive, and because both counsel knew about the case at the time it was being tried and have now familiarized themselves once more with the relevant portions of the transcript, undersigned counsel believes that an oral argument during which the Court can ask specific questions and be led to specific parts of the transcript will be valuable to the Court

                   Respectfully submitted
                   Petitioner, by counsel

/s/ *Richard Neely*
Richard Neely, WVSB 2709

NEELY & CALLAGHAN

159 Summers St.
Charleston, WV 25301-2134
304-343-6500
304-343-6528 fax

## CERTIFICATE OF SERVICE

    I, Richard Neely, counsel for Petitioner, do hereby certify that I served the foregoing Motion for Oral Presentation upon the following members of the staff of the United States Attorney's Office for the Southern District of West Virginia, to-wit:

  Hon. R. Booth Goodwin, II
  *United States Attorney*
  Hunter Paul Smith, Jr., Esq.
  *Assistant United States Attorney*
  Larry R. Ellis, Esq.
  *Assistant United States Attorney*

by filing same electronically using the United States District Court's electronic filing system operated by the Clerk's office on the 18th day of January, 2011.

  .

  /s/ *Richard Neely*
  Richard Neely
  **NEELY & CALLAGHAN**
  159 Summers St.
  Charleston, WV 25301
  304-343-6500 Voice
  304-343-6528 Fax
  Rneely@NeelyCallaghan.com