IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**ELTON E. BRYAN**

**v.**                    CIVIL ACTION NO. 2:10-cv-01196

**UNITED STATES OF AMERICA**

<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

The Fourth Circuit recently published *Bereano v. United States*, No. 12 – 6417 (4th Cir. Feb. 8, 2013) affirming a district court's denial of a *coram nobis* petition. Because the opinion addresses mail fraud convictions charged alternatively as honest-services and property frauds, the United States hereby provides notice of *Bereano* as supplemental authority. *Cf.* Fed. R. App. P. 28(j) (providing for citation of supplemental authority).

In *Bereano,* as in this case, the indictment alleged a single scheme that was charged to have defrauded victims of the defendant's honest services and, alternatively, of property. The honest-services theory did not survive the rule in *Skilling*. Bereano argued that because the jury returned a general verdict, it was impossible to determine whether the jury convicted under the honest-services or the property theory and, therefore, his convictions could not stand.

The Fourth Circuit acknowledged the *Skilling* error, but, citing *United States v. Hastings*, 134 F.3d 234, 241-42 (4th Cir. 1998) and *Neder v. United States*, 527 U. S. 1, 4 (1999), reviewed the case under

a harmless-error standard.  Thus, the Court examined the record to determine whether "a rational jury would have found the defendant guilty absent the error."  The Fourth Circuit found the instructional error harmless, concluding that no reasonable jury could have acquitted Bereano under the property theory and convicted him under the honest-services theory.

The Court upheld the conviction under the more lenient, direct-appeal standard of review, observing that "an appellant who would not be entitled to relief on direct appeal could never be entitled to the extraordinary writ of *coram nobis*."  The Court was emphatic in its recognition of the very constricted scope of review in *coram nobis* cases, observing that "the extraordinary remedy of *coram nobis* issues only in extreme cases," and citing *Carlisle v. United States*, 517 U. S. 416, 429 (1996) for the proposition that "[I]t is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate."

                            Respectfully submitted,

                            R. BOOTH GOODWIN II
                            United States Attorney

                    By:   s/Larry R. Ellis
                            LARRY R. ELLIS, WV Bar No. 1122
                            Assistant U.S. Attorney
                            P.O. Box 1713
                            Charleston, WV  25326
                            Telephone:  (304) 345-2200
                            Fax:  (304) 347-5706

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Notice of Supplemental Authority" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 14th day of February, 2013, to:

>Richard Neely
>NEELY & CALLAGHAN
>159 Summers Street
>Charleston, WV 25301

>By:  s/Larry R. Ellis
>     LARRY R. ELLIS
>     WV Bar No.  1122
>     Assistant U.S. Attorney
>     P.O. Box 1713
>     Charleston, WV  25326
>     Telephone:  (304) 345-2200
>     Fax:  (304) 347-5706
>     E-mail: larry.ellis@usdoj.gov