IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF WEST VIRGINIA
At CHARLESTON

ELTON E. BRYAN            CIVIL ACTION NO. 2:10-cv-01196

v.

UNITED STATES OF AMERICA

### PETITIONER'S RESPONSE TO THE GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY

The supplemental authority the Government has cited, namely B*ereano v. United State,* 2013 U.S. App. LEXIS 2732, is deliberately misleading and entirely beside the point. In *Bereano*, virtually the entire focus of the trial was on a false billing scheme by which Bereano, a lobbyist focusing on the Maryland Legislature, billed clients for phantom activities such as legislative entertainment or the purchase of equipment, when in fact, *Bereano* was using the money to make political contributions and for personal purposes.

Virtually the entire focus of the *Bereano* case was on acquiring property by false pretenses using the mails—namely, billing for equipment and services <u>not</u> rendered, and then using the money for personal purposes and to make campaign contributions himself and through employees in his law firm.

The irrelevant nature of this supposed "supplemental authority" becomes obvious when we remember that the Magistrate Judge specifically found in the *Bryan* case that a harmless error analysis is <u>entirely</u> inappropriate! Here, in her own words, is what the

1

Magistrate Judge says on the subject that the Government would have us believe is covered by *Bereano:*

> It is evident from the above recitation, that at the beginning of the case, particularly the opening statement (and the trial brief), Counts One and Two very distinctly included alternative theories. By the closing statement, the focus of the government's case was on honest services, with a brief nod to the fraud on the Arnold Agency and the gaming companies. Nevertheless, the jury instructions as to Counts One and Two contain instructions on the property fraud theory, though Judge Haden's focus also is arguably on honest services.
>
> Based on the above, the undersigned proposes that the presiding District Judge find that the jury instructions included both the honest services mail fraud theory as well as the property fraud theory as to Counts One and Two. Because one of those theories, honest services mail fraud, is invalid under *Skilling,* a harmless error analysis is necessary.
>
> **d. The *Skilling* error was not harmless, as it had a "'substantial and injurious effect or influence in determining the verdict.'" *Hedgpeth v. Pulido,* 555 U.S. 57, 61 (2008) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 623 (1993)).**
>
> The undersigned proposes that the presiding District Judge find that the *Skilling* error had a substantial and injurious influence in determining the jury's verdict on Counts One and Two. In the superceding indictment, Counts One and Two alleged the alternative "schemes"[10] (now theories) of (1) defrauding the State, the Lottery Commissioners and others of Petitioner's honest services and (2) defrauding the Arnold Agency of money expended in preparing its proposals and defrauding that agency of the award of that contract in Count One; and in Count Two, (1) defrauding the State, the Lottery and others of his honest services and (2) defrauding the gaming companies of the money expended in preparing and presenting proposals in pursuit of the state-wide video lottery contract and to further defraud those companies of the award and of the income from that contract. (# 31, p. 5.) The underlying scheme for Count One was "to award and cause the awarding of an advertising contract with the West Virginia Lottery worth a maximum of approximately 2.8 million dollars to an advertising

2

>agency designated" by Petitioner. (# 31, p. 5.) The underlying scheme for Count Two was "to award and cause the award of the single source manufacturing contract with the West Virginia Lottery, which contract was worth approximately 25 million dollars or more to a company designated by defendant ...,
>that is, to VLC, and to subvert a West Virginia Lottery bid and evaluation process to achieve that end." (# 32, pp. 5, 15-16.)
>
>"[C]ourts across the country, almost uniformly [conclude] that the instructional error was harmless where a deprivation of money or property was necessary to a finding of honest services fraud." Sorich v. United States, 2011 WL 3420445, at *8 (citing United States v. Folak, 865 F.2d 110, 113 (7th Cir. 1988); United States v. Wellman, 830 F.2d 1453, 1462-63 (7th Cir. 1987); Ryan v. United States, 795 F. Supp.2d 975, 1005 n.14 (N.D. Ill. 2010); United States v. Doherty, 867 F.2d 47, 58 (1st Cir. 1989)). In Doherty, the defendants were charged with conspiracy to commit mail fraud and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") by illegally obtaining, selling and buying police entrance and promotional examinations.[11] The indictment invalidly charged a conspiracy to defraud citizens of their right to honest government, but also charged a conspiracy to defraud the government of money. Doherty, 867 F.2d at 55. The court found the error harmless, indeed harmless beyond any reasonable doubt, because we believe it virtually inconceivable that the jury could have found these appellants guilty of conspiracy to commit mail fraud without believing that they were conspiring to deprive the Commonwealth of money, in the form of salary payments to improperly promoted officers.

Id. at 58.

Magistrate Court Proposed Order of 15 March 2012, pp. 130-133, footnotes omitted.

It is extraordinarily disingenuous of the Government to throw out inapposite precedent when decent people are fighting for their lives. The Federal law on standards of review in writs of error *corum nobis* is already sufficiently murkey without added, deliberate obfuscation.

>Respectfully submitted
>Petitioner, by counsel

/s/ *Richard Neely*

3

Richard Neely, WVSB #2709
**NEELY & CALLAGHAN**
159 Summers Street
Charleston, WV 25301
304-343-6500 voice
304-343-6528 fax
RNeely@NeelyCallaghan.com

CERTIFICATE OF SERVICE

I, Richard Neely, counsel for Petitioner, do hereby certify that I served the foregoing Response to the Government's Supplemental Authority upon the following members of the staff of the United States Attorney's Office for the Southern District of West Virginia, to-wit:

Hon. R. Booth Goodwin, II
United States Attorney
Hunter Paul Smith, Jr., Esq.
Assistant United States Attorney
Larry R. Ellis, Esq.
Assistant United States Attorney

by filing said document electronically in the office of the Clerk of the District Court on this 18th day of February, 2013.

/s/*Richard Neely*
Richard Neely
NEELY & CALLAGHAN
159 Summers St.
Charleston, WV 25301
304-343-6500 Voice
304-343-6528 Fax
RNeely@NeelyCallaghan.com